IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | **COMPLAINT**, |
| GREG & DEB'S, INC. d/b/a NORTH PARK LOUNGE CLUBHOUSE, and MARK & GREG'S, INC. d/b/a NORTH PARK LOUNGE CLUBHOUSE, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and constructive discharge and to provide appropriate relief to Elyse Pehel who was adversely affected by such practices. As articulated with greater particularity in paragraph 8 below, the Commission alleges that Ms. Pehel, an employee in Defendants' restaurant, was subjected to unwelcome sexual harassment and unwanted touching and a sexually hostile work environment which was created by the conduct of Defendants' owner and a manager.   The Commission alleges that the conduct was so outrageous and offensive, and Defendant's response was so inappropriate and inadequate, that it would have the foreseeable result of creating working conditions that were so unpleasant or difficult that a reasonable person in Ms. Pehel's position would resign.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII").  This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil

Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is

the agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (3).

4.      At all relevant times, Defendant Greg & Deb's, Inc. (referred to hereinafter in

conjunction with Defendant Mark & Greg's, Inc. as the "Employer") has continuously been a

Pennsylvania corporation, headquartered in Gibsonia, Pennsylvania and has continuously had at

least 15 employees.

5.      At all relevant times, Defendant Mark & Greg's, Inc. (referred to hereinafter in

conjunction with Defendant Greg & Deb's, Inc. as the "Employer") has continuously been a

Pennsylvania corporation, headquartered in Gibsonia, Pennsylvania and has continuously had at

least 15 employees.

6.      At all relevant times, each Defendant Employer has continuously been an

employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g)

2

and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Elyse Pehel filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     On or about August 1, 2005, Defendant Employer engaged in unlawful employment practices, in violation of 703(a)(1) of Title VII, 42 U.S.C.§ 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

a.     Defendant Employers jointly own and or operate at least one restaurant and family entertainment facility known as the North Park Lounge Clubhouse. That facility is located in Gibsonia, Pennsylvania and is where Ms. Pehel was employed. A second North Park Lounge Clubhouse is located in Cranberry, Robinson Township, Pennsylvania.

b.     The Commission believes, and therefore avers, that these two facilities are jointly owned and/or managed by the same principals who own Mark & Greg's, Inc. and Greg & Deb's, Inc.

c.     Commencing on August 1, 2005, Defendant tolerated and condoned a sexually hostile work environment at a golf course where it was staffing and managing a golf "outing."

d.     The hostile work environment complained of consisted of a sexually charged atmosphere and, explicitly, of two distinct incidents where Ms. Pehel was subjected to unwanted touching by Defendant owner Greg Maggio (now deceased) and Defendant manager  Mitchell Brewer.

e.     On that day, Ms. Pehel, a nineteen year old college student, along with another

3

young woman, was staffing a hole at the golf outing, as requested by Mr. Maggio. At Maggio's suggestion, she wore a short skirt or shorts and a swimming suit top under a t-shirt, which she removed during the course of the day.

     f.     During the late morning on the day of the golf event, Mr. Maggio came up to Ms. Pehel and, with a black marker, wrote "Tips" on her chest with an arrow pointing down toward her breasts. Ms. Pehel did not consent to this action.

     g.     Later that afternoon, Mitchell Brewer, a Defendant manager, arrived at the hole where Ms. Pehel was working. He requested that Ms. Pehel expose her breasts and she refused. Disregarding her refusal, Brewer and or men who were with him, pinned her arms, untied her bathing suit top, and let it fall. They continued to hold her arms as she attempted to hold up the top.

     h.     Ms. Pehel's co-worker was not at the particular hole when these events occurred. Witnesses reveal that immediately thereafter, Ms. Pehel called for help from an employee working the event nearby; that she informed him she thought she was going to be raped; and that she commenced crying hysterically.

     i.     That evening, Ms. Pehel reported to work for a scheduled evening shift at the restaurant/lounge. Her manager noticed that she was crying and took her aside. Ms. Pehel revealed to two Defendant managers what had transpired. They told her that the conduct was not uncharacteristic for Mr. Brewer, and reported the events to owner Maggio.

     j.     The next morning, Ms. Pehel reported to work. Mr. Maggio spoke with her about the events of the previous day and stated, "You know I was just joking around." He also informed her that Mr. Brewer was known to get "out of hand" when he was drinking. Maggio

4

informed that Brewer would be banned from the next annual golf outing. Ms. Pehel replied, "Is that all?"

      k.     Ms. Pehel was not scheduled to work the following two days. Reflecting upon what had happened, and Mr. Maggio's inappropriate and inadequate response to her complaints, Ms. Pehel realized that she could not return to work at the North Park Lounge Clubhouse.

      l.     Defendant failed to take further adequate steps to address Ms. Pehel's complaints upon receiving notification of those events.

      9.     The effect of the practices complained of in paragraph 8(a) through (l) above has been to deprive Ms. Pehel of equal employment opportunities and otherwise adversely affected her status as an employee, because of her sex.

      10.     The unlawful employment practices complained of in paragraphs 8(a) through (l) above were intentional.

      11.     The unlawful employment practices complained of in paragraphs 8(a) through (l) above were done with malice or with reckless indifference to the federally protected rights of Ms. Pehel.

PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

      A.     Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the creation and/or maintenance of a sexually hostile work environment or engaging in any other employment practice which discriminates on the basis of sex.

      B.     Grant a permanent injunction enjoining the Defendant Employer, its officers,

5

successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments against employees on the basis of sex and retaliation.

C.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

E.    Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

F.    Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

G.    Order Defendant Employer to make whole Elyse Pehel by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8(a) through (l) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

6

H.    Order Defendant Employer to pay Elyse Pehel punitive damages for its malicious and/or reckless conduct described in paragraphs 8(a) through (l) above, in an amount to be determined at trial.

I.    Grant such further relief as this Court deems necessary and proper in the public interest.

J.    Award the Commission its costs of this action.

7

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

JACQUELINE H. MCNAIR
REGIONAL ATTORNEY

JUDITH A. O'BOYLE
SUPERVISORY TRIAL ATTORNEY

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (facsimile)
jean.clickner@eeoc.gov

8